# EXHIBIT A

FILED
1/4/2023 2:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L000086
Calendar, A
20895104

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ALLISON TAKACS,                          )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )  No. 2023L000086
                                         )
META PLATFORMS, INC. (f/k/a FACEBOOK, INC.) )
and META PLATFORMS TECHNOLOGIES, LLC     )
(f/k/a FACEBOOK TECHNOLOGIES LLC), d/b/a )
REALITY LABS,                            )
                                         )
        Defendants.                      )



## COMPLAINT AT LAW

## COMMON ALLEGATIONS

Plaintiff, ALLISON TAKACS, through her attorneys, THE LAW OFFICES OF ERIC H. CHECK, complains of Defendants, META PLATFORMS, INC. (f/k/a FACEBOOK, INC) ("Meta") AND META PLATFORMS TECHNOLOGIES LLC (f/k/a FACEBOOK TECHNOLOGIES LLC), d/b/a REALITY LABS ("Reality Labs"), and each of them, and states as follows:

1.      Defendant Meta is a foreign corporation incorporated in the State of Delaware with a principal place of business in Menlo Park, California.

2.      Defendant Meta is registered to conduct business in the State of Illinois.

3.      Defendant Reality Labs is a foreign Limited Liability Company organized under the laws of the State of Colorado with a principal place of business in Menlo Park, California.

4.     Defendant Reality Labs conducts business in the State of Illinois.

5.     On and Prior to January 5, 2021, Defendants manufactured and sold a product known as the Oculus Quest 2 ("OQ2"), a headset intended to be worn on a user's head for the purpose of experiencing content in "virtual reality."

6.     On or about January 5, 2021, Plaintiff purchased an OQ2.

7.     On or about January 5, 2021, Plaintiff used the OQ2, including placing the product on her head such that a portion of the product made contact with her face.

8.     As a result of the aforementioned use of the OQ2, Plaintiff sustained personal injuries.

## COUNT I

### (Strict Liability – Meta)

9.     Plaintiff realleges the allegations contained in Paragraphs 1-8 as though fully set forth herein.

10.    Prior to January 5, 2021, Defendant Meta placed the OQ2 into the stream of commerce.

11.    At the time the OQ2 left the control of Defendant Meta, through the time it was used by Plaintiff on January 5, 2021, it was unreasonably dangerous as designed, manufactured, sold and/or distributed a result of one or more of the following defects and deficiencies:

a.     Was designed and/or manufactured with materials unsuitable for contact with human skin;

2

b.   Failed to come equipped with any safety features or devices to protect users' skin from contact with dangerous materials present in the device; and

c.   Failed to contain and display adequate and sufficient warnings intended for and/or specific to the device and/or otherwise warn or instruct the user of the dangers associated with the device.

12.   That as a direct and proximate result of one or more of the aforesaid defects and deficiencies, the OQ2 was unreasonably dangerous and, as a result, Plaintiff was injured and has suffered damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, ALLISON TAKACS, prays that this Honorable Court enter judgment in her favor and against Defendant, META PLATFORMS, INC. (f/k/a FACEBOOK, INC), in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), along with any other relief this Honorable Court deems just and fair.

## COUNT II

### (Negligence - Meta)

13.   Plaintiff realleges the allegations contained in Paragraphs 1-8 as though fully set forth herein.

14.   On and prior to January 5, 2021, and at all relevant times herein, Defendant Meta had a duty to act with ordinary care in the design, manufacture, sales, and distribution of OQ2 product.

15.   On and prior to January 5, 2021, Defendant Meta, was then and there guilty of one or more of the following negligent acts and/or omissions with respect to the aforementioned OQ2:

a.   Designed and/or manufactured the OQ2 with materials unsuitable for contact with human skin;

3

b.   Failed to equip the OQ2 with any safety features or devices to protect users' skin from contact with dangerous materials present in the device; and

c.   Failed to contain and display adequate and sufficient warnings intended for and/or specific to the device and/or otherwise warn or instruct the user of the dangers associated with the device.

16.   That as a direct and proximate result of one or more the aforementioned negligent acts and/or omissions on the part of Defendant Meta, Plaintiff was injured and has suffered damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, ALLISON TAKACS, prays that this Honorable Court enter judgment in her favor and against Defendant, META PLATFORMS, INC. (f/k/a FACEBOOK, INC), in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), along with any other relief this Honorable Court deems just and fair.

## COUNT III

### (Breach of Implied Warranties under the U.C.C - Meta)

17.   Plaintiff realleges the allegations contained in Paragraphs 1-8 as though fully set forth herein.

18.   On and prior to January 5, 2021, Defendant Meta did impliedly warrant that the aforementioned OQ2 was of merchantable quality pursuant to the applicable provisions of the Illinois Uniform Commercial Code.

19.   On and prior to January 5, 2021, Defendant Meta did impliedly warrant that the aforementioned OQ2 was fit for the particular purpose of being worn to experience virtual reality pursuant to the applicable provisions of the Illinois Uniform Commercial Code.

4

20.     That on and prior to January 5, 2021, Defendant Meta did breach said

warranties of merchantability and fitness for the particular purpose of office filing in

that it:

    a.    Designed and/or manufactured the OQ2 with materials unsuitable for
contact with human skin;

    b.    Failed to equip the OQ2 with any safety features or devices to protect
users' skin from contact with dangerous materials present in the
device; and

    c.    Failed to contain and display adequate and sufficient warnings
intended for and/or specific to the device and/or otherwise warn or
instruct the user of the dangers associated with the device.

21.     That as a direct and proximate result of one or more of the

aforementioned breaches of implied warranties on the part of Defendant Meta,

Plaintiff was injured and has suffered damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, ALLISON TAKACS, prays that this Honorable Court

enter judgment in her favor and against Defendant, META PLATFORMS, INC. (f/k/a

FACEBOOK, INC), in a sum in excess of FIFTY THOUSAND DOLLARS

($50,000.00), along with any other relief this Honorable Court deems just and fair.

## COUNT IV

### (Strict Liability – Reality Labs)

22.     Plaintiff realleges the allegations contained in Paragraphs 1-8 as

though fully set forth herein.

23.     Prior to January 5, 2021, Defendant Reality Labs placed the OQ2 into

the stream of commerce.

24.    At the time the OQ2 left the control of Defendant Reality Labs, through the time it was used by Plaintiff on January 5, 2021, it was unreasonably dangerous as designed, manufactured, sold and/or distributed a result of one or more of the following defects and deficiencies:

   a.    Was designed and/or manufactured with materials unsuitable for contact with human skin;

   b.    Failed to come equipped with any safety features or devices to protect users' skin from contact with dangerous materials present in the device; and

   c.    Failed to contain and display adequate and sufficient warnings intended for and/or specific to the device and/or otherwise warn or instruct the user of the dangers associated with the device.

25.    That as a direct and proximate result of one or more of the aforesaid defects and deficiencies, the OQ2 was unreasonably dangerous and, as a result, Plaintiff was injured and has suffered damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, ALLISON TAKACS, prays that this Honorable Court enter judgment in her favor and against Defendant, META PLATFORMS TECHNOLOGIES LLC (f/k/a FACEBOOK TECHNOLOGIES LLC), d/b/a REALITY LABS, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), along with any other relief this Honorable Court deems just and fair.

## COUNT V

### (Negligence – Reality Labs)

26.    Plaintiff realleges the allegations contained in Paragraphs 1-8 as though fully set forth herein.

27.    On and prior to January 5, 2021, and at all relevant times herein, Defendant Reality Labs had a duty to act with ordinary care in the design, manufacture, sales and distribution of OQ2 product.

28.    On and prior to January 5, 2021, Defendant Reality Labs was then and there guilty of one or more of the following negligent acts and/or omissions with respect to the aforementioned OQ2:

    a.    Designed and/or manufactured the OQ2 with materials unsuitable for contact with human skin;

    b.    Failed to equip the OQ2 with any safety features or devices to protect users' skin from contact with dangerous materials present in the device; and

    c.    Failed to contain and display adequate and sufficient warnings intended for and/or specific to the device and/or otherwise warn or instruct the user of the dangers associated with the device.

29.    That as a direct and proximate result of one or more the aforementioned negligent acts and/or omissions on the part of Defendant Reality Labs, Plaintiff was injured and has suffered damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, ALLISON TAKACS, prays that this Honorable Court enter judgment in her favor and against Defendant, META PLATFORMS TECHNOLOGIES LLC (f/k/a FACEBOOK TECHNOLOGIES LLC), d/b/a REALITY LABS, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), along with any other relief this Honorable Court deems just and fair.

7

## COUNT VI

**(Breach of Implied Warranties under the U.C.C. – Reality Labs)**

30.    Plaintiff realleges the allegations contained in Paragraphs 1-8 as though fully set forth herein.

31.    On and prior to January 5, 2021, Defendant Reality Labs did impliedly warrant that the aforementioned OQ2 was of merchantable quality pursuant to the applicable provisions of the Illinois Uniform Commercial Code.

32.    On and prior to January 5, 2021, Defendant Reality Labs did impliedly warrant that the aforementioned OQ2 was fit for the particular purpose of being worn to experience virtual reality pursuant to the applicable provisions of the Illinois Uniform Commercial Code.

33.    That on and prior to January 5, 2021, Defendant Reality Labs did breach said warranties of merchantability and fitness for the particular purpose of office filing in that it:

a.    Designed and/or manufactured the OQ2 with materials unsuitable for contact with human skin;

b.    Failed to equip the OQ2 with any safety features or devices to protect users' skin from contact with dangerous materials present in the device; and

d.    Failed to contain and display adequate and sufficient warnings intended for and/or specific to the device and/or otherwise warn or instruct the user of the dangers associated with the device.

8

34. That as a direct and proximate result of one or more of the aforementioned breaches of implied warranties on the part of Defendant Reality Labs, Plaintiff was injured and has suffered damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, ALLISON TAKACS, prays that this Honorable Court enter judgment in her favor and against Defendant, META PLATFORMS TECHNOLOGIES LLC (f/k/a FACEBOOK TECHNOLOGIES LLC), d/b/a REALITY LABS, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), along with any other relief this Honorable Court deems just and fair.

Respectfully submitted,

The Law Offices of Eric H. Check

By: /s/ ERIC H. CHECK

Attorneys for Plaintiff
The Law Offices of Eric H. Check
161 North Clark Street, Suite 2550
Chicago, Illinois 60601
(312) 704-8600
office@echecklaw.com
Attorney No. 62332